**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **JOHN STARK,** | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| **WILLIAM A. TRYON, UNITED** | : | |
| **SERVICES AUTOMOBILE** | : | |
| **ASSOCIATION INSURANCE** | : | |
| **COMPANY,** | : | |
| | : | |
| *Defendants,* | : | **CIVIL CASE NUMBER:** |
| | : | |
| **DEBORAH LIPMAN,** | : | **3:15-cv-373 (VLB)** |
| | : | |
| *Defendant / Cross-Claimant,* | : | **March 22, 2016** |
| | : | |
| **NORWALK HILTON GARDEN INN,** | : | |
| | : | |
| *Defendant / Third-Party Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| **P&S PAVING, INC.,** | : | |
| | : | |
| *Third-Party Defendant.* | : | |

**MEMORANDUM OF DECISION**

   **Plaintiff John Stark brought a state-court action against Defendants William
A. Tryon, Deborah Lipman, United Services Automobile Association Insurance
Company ("USAA"), and Norwalk Hilton Garden Inn ("Hilton").  The complaint
purports to assert various state-law claims arising out of a car accident.
Defendant Tryon, who was acting as an employee of the United States Small
Business Administration when the car accident occurred, removed here and
substituted the Government as the named party.  Defendant Lipman crossclaims**

against the Government.  Defendant Hilton files a third-party complaint against P&S Paving, Inc. ("P&S") and moves for default entry against P&S.  The Government moves to dismiss Stark's and Lipmann's claims.

This action calls on the Court to decide two questions—one easy, the other more difficult.  The first issue is whether Stark has demonstrated that he exhausted his administrative remedies as required by the Federal Tort Claims Act ("FTCA").  He has not.  The second and more difficult issue is whether the Court has subject-matter jurisdiction over the remaining claims.  It does not.  The Court lacks supplemental jurisdiction because a removal-conferring claim dismissed on jurisdictional grounds may not serve as a jurisdictional hook.  The Court lacks sufficient information to determine whether diversity jurisdiction exists and declines to embark on a self-guided quest to ascertain those facts, particularly when doing so may trample on well-established limitations on removal.

<u>Factual and Procedural Background</u>

In Connecticut Superior Court for the Judicial District of Stamford/Norwalk, Stark brought a complaint against Tyron, Lipman, USAA, and Hilton.  ECF No. 1-1.  The complaint contains the following allegations.  In February 2013, Stark was a passenger in a rental vehicle driven by Tyron.  *Id.* at ¶ 3.  Tyron attempted to exit Hilton's parking lot, but a pile a snow prevented Tyron from viewing oncoming traffic.  *Id.* at ¶ 5.  After turning left out of the parking lot, Lipman rear-ended him.  *Id.*  Stark suffered 42 injuries, including "traumatic brain injury."  *Id.* at ¶ 8.  His complaint alleges that both Tyron's and

Lipman's negligent driving proximately caused him injury, that Hilton's parking lot was unnecessarily dangerous because a snow pile obstructed the line of sight needed to safely exit the premises, and that USAA was contractually liable because Tyron, Lipman, and Hilton were either uninsured or underinsured. *See generally id.* The complaint alleges the residence of each party and seeks damages greater than $15,000. *Id.* at 1, 22 (.pdf pagination).

Tyron removed the action here on the basis of 28 U.S.C. §§ 1441(a), 1442, and 2679(d)(2). ECF No. 1. The notice of removal alleges that Tryon "was acting within the scope of his official capacity and duties with the United States Small Business Administration." *Id.* at ¶ 2. He therefore argued that removal was proper under Section 1441(a) (federal-question removal) because the negligence claim against him must be asserted pursuant to the FTCA; that removal was proper under Section 1442 (federal-officer removal) because Tyron was acting in his official capacity as a Government officer; and that removal was proper under Section 2679(d)(2) (FTCA removal) because the Attorney General certified that Tyron was acting within the scope of his official duties with the United States Small Business Administration at the time the alleged car accident. *Id.* at ¶ 6. Tyron properly moved to substitute the Government, and this Court granted the motion. ECF Nos. 3, 24.

In this Court, Lipman crossclaims against Tryon, arguing that Stark's injuries were due to Tyron's negligence, not her negligence. ECF No. 13. Hilton files a third-party complaint against P&S, arguing that it was responsible for

3

Stark's injuries if caused by the snow pile because Hilton contracted with P&S to conduct snow removal.  ECF No. 19.  P&S has not appeared, and Hilton moves for default judgment.  ECF No. 22.

The Government moves to dismiss Stark's claims for lack of subject-matter jurisdiction.  ECF No. 11.  The Government argues that Stark did not exhaust his administrative remedies.  ECF No. 11-1.  In support, it provides a declaration from Burton Warner, Trial Attorney assigned to the Department of Litigation and Claims, Office of General Counsel, Small Business Administration, declaring that Stark never exhausted.  ECF No. 11-2.  Stark does not oppose, but Defendant Lipman objects to dismissal of her claim against Tyron.  ECF No. 14.  She argues that crossclaims are exempt from exhaustion under FTCA.  *Id.* at 2.  The Government moves to dismiss Lipman's crossclaim, arguing that Lipman is incorrect, in part, for the reasons articulated by this Court in a prior decision. ECF Nos. 18; 18-1.  Lipman does not oppose the motion to dismiss.

## LEGAL DISCUSSION

The Government's motion to dismiss for failure to exhaust is properly addressed in a motion pursuant to Federal Rule of Civil Procedure 12(b)(1).[1]  *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (holding that exhaustion

---

[1]  **The Supreme Court recently held that the requirement contained in Section 2401(b)—that is, a claim must be exhausted within two years—is not jurisdictional.** *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1633 (2015). **That case did not, however, alter the Supreme Court's prior holding that exhaustion (timely or untimely) is a jurisdictional prerequisite for bringing an FTCA claim.** *See Foster v. Fed. Emergency Mgmt. Agency*, 2015 WL 5430370, at *9 (E.D.N.Y. Sept. 15, 2015).

requirement contained in Section 2675(a) is jurisdictional); *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) (same). The plaintiff bears the burden of establishing exhaustion. *See In re Agent Orange Product Liability Litigation*, 818 F.2d 210, 214 (2d Cir. 1987) ("[T]he burden is on the plaintiff to both plead and prove compliance with the statutory requirements."). When ruling on a Rule 12(b)(1) motion, a court may consider evidence outside the pleadings. *Dukes v. New York City Employees' Ret. Sys., & Bd. of Trustees*, 581 F. App'x 81, 82 (2d Cir. 2014) (citing *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000)).

Section 2675(a) bars a claimant from bringing an FTCA claim "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). The Government argues that Stark failed to exhaust his administrative remedy prior to bringing suit and provides evidence to support its position. ECF No. 11-2 (Decl.) at ¶ 6. Stark, who bears the burden of proof on this issue, does not oppose dismissal, and his state-court pleadings do not address exhaustion. *See* Local R. Civ. P. 7(a)(1) ("Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds

5

to deny the motion.").  Accordingly, the Government's motion to dismiss for lack of subject-matter jurisdiction is granted.[2]

The Court must now figure out what to do about the remaining claims—those are, the state-law claims asserted in the original complaint and the claims subsequently asserted in federal court by way of crossclaim and third-party complaint.  The Court begins by assessing whether it has jurisdiction over the state-law claims asserted in the original complaint.[3]  *See Barbara v. New York Stock Exch., Inc.*, 99 F.3d 49, 53 (2d Cir. 1996) (observing that courts may raise jurisdictional defects in removal cases *sua sponte*).  Two potential jurisdictional bases jump out: supplemental (pursuant to the jurisdictionally defective FTCA claim) and diversity jurisdiction.  If neither applies, the action must be remanded to state court.  *See* 28 U.S.C. § 1447(c).

---

[2] Although only tangentially raised by the Government, ECF No. 18-2, the Court also lacks jurisdiction pursuant to the doctrine of derivative jurisdiction, *see Kennedy v. Paul*, 2013 WL 5435183, at *3 (D. Conn. Sept. 30, 2013) ("The state court had no jurisdiction over the [FTCA claims] at the time of removal, and thus this Court acquired no jurisdiction over those claims when they were removed to this Court.").  The doctrine of derivative jurisdiction, which the Court may raise *sua sponte* because it concerns subject-matter jurisdiction, constitutes an alternative ground for dismissal.  *See id.*

[3] Neither the crossclaim nor the claim asserted in the third-party complaint may serve as the jurisdictional hook. *See Correspondent Servs. Corp. v. First Equities Corp. of Florida*, 338 F.3d 119, 125 (2d Cir. 2003) (observing that "the district court correctly found that it could not assert diversity jurisdiction based upon Kelleher's cross-claims alone"); *Arrow Fin. Servs., LLC v. Massil*, 2009 WL 348553, at *2 (E.D.N.Y. Feb. 11, 2009) (observing that third-party complaint cannot confer original jurisdiction).  The viability of these claims thus depends on the viability of the claims asserted in the original complaint.

Let's begin with supplemental jurisdiction.  Supplemental jurisdiction exists over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367.  There's no dispute that the remaining state-law claims arise out of the same car accident as the FTCA claim.  The issue is whether the FTCA claim may serve as the jurisdictional hook for asserting the remaining state-law claims when that claim was dismissed on jurisdictional grounds.  It cannot.  The reason is simple.  The Court lacked jurisdiction *ab initio*.  *Kennedy v. Paul, 2013 WL 5435183, at *3*   As the Second Circuit has observed, "a dismissal pursuant to Rule 12(b)(1) precludes a district court from exercising supplemental jurisdiction over related state claims."  *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188 (2d Cir. 1996).[4]   Other district courts agree that no supplemental jurisdiction exists in these circumstances.  *See, e.g., Winegardner v. Schowengerdt*, 2012 WL 253233, at *1 (S.D. Ohio Jan. 26, 2012) ("The presence of claims subject to the FTCA was the sole basis for removal.  Once those claims are dismissed, the appropriate disposition of the remainder of the case is to remand it to the Fairfield County Court of Common Pleas.").

----

[4] The Court does not read *Parker v. Della Rocco*, 252 F.3d 663 (2d Cir. 2001), to express a contrary conclusion.  In that case, the removal-conferring FTCA claim was voluntarily dismissed, and the court did not explicitly address whether some jurisdictional bar other than the propriety of removal jurisdiction would have prevented the district court from merits adjudication. *Id.* at 665–65 & n.2. Conversely, here, this Court explicitly rules that it lacked jurisdiction over the removal-conferring claim *ab initio*, despite the existence of removal jurisdiction.

The Court next ruminates over the question of diversity jurisdiction. Diversity jurisdiction exists if the amount in controversy exceeds $75,000 (exclusive of interest and costs) and the action is between, as relevant here, citizens of different states.  28 U.S.C. § 1332(a)(1).  The statute requires complete diversity—that is, the citizenships of all defendants must be different from the citizenships of all plaintiffs.  *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990).

The Court crashes into a wall when applying this test.  Neither the state-court complaint nor anything else in the record identifies the citizenships of each of the remaining parties.  The complaint identifies where each party resides, but residence is not synonymous with citizenship.  *See Canedy v. Liberty Mutual Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[I]t is well-established that allegations of residency alone cannot establish citizenship."); *Comrie v. 3GTMS, Inc.*, 2015 WL 9581733, at *2 (D. Conn. Dec. 30, 2015) ("There are thus two sources of citizenship for a corporation: (i) state(s) of incorporation; and (ii) state of principal place of business.").  And the record doesn't reveal whether the amount-in-controversy requirement has been satisfied.  The complaint alleges facts suggesting its satisfaction, but neither the complaint nor the notice of removal specifically allege an amount in controversy greater than $75,000  This presents a quandary: should the Court embark on a self-guided quest to ascertain the facts necessary to support jurisdiction or should it analyze only those facts and arguments made available within the removal period?

In other contexts, the answer would be obvious. *See*, *e.g.*, *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction."); *Vera v. Saks & Co.*, 335 F.3d 109, 116 n.2 (2d Cir. 2003) ("[W]e generally evaluate a defendant's right to remove a case to federal court at the time the removal notice is filed."); *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (observing that "allowing a hearing to determine [jurisdiction] when the removal petition fails even to allege the [existence of jurisdiction] contradicts *McNutt*'s admonition that if the defendant fails to make the necessary allegations he has no standing" (internal quotation marks and alterations omitted)).

This case presents an unusual circumstance because the case was not only properly removed, but there were three bases for exercising removal jurisdiction over this federal-question case  The Court has identified no binding precedent on this precise issue, but it has come across a case where the Fifth Circuit addressed a related issue *res nova*. In *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242 (5th Cir. 2011), the plaintiffs brought state-law claims against non-diverse defendants in state court. *Id.* at 246.  The plaintiffs amended their complaint to assert a federal claim, and the defendants removed to federal court. *Id.*  The district court dismissed the federal claim and declined to exercise supplemental jurisdiction over the state-law claims. *Id.*  The defendants appealed on the basis that the district court erred by failing to exercise diversity jurisdiction, a ground not asserted in the notice of removal but that was

9

subsequently raised in federal court. *Id.* at 247. The Fifth Circuit ruled that the exercise of diversity jurisdiction was mandatory even though defendants did not remove on that basis. It reasoned that the power to remand a case depends "on the nature of the district court's jurisdiction over the claims that comprise the case *at the time of the remand.*" *Id.* at 248. A leading commentator considers the Fifth Circuit's approach to be "the better approach," but observed that other courts may eventually come to a different conclusion, especially in light of the "Congressional intent that the forum selection battle end sooner rather than later." 16 *Moore's Federal Practice*, § 107.41[2][a] (Matthew Bender 3d ed.).

This case presents a slightly different factual scenario because this Court, unlike the district court in *Cuevas*, never exercised jurisdiction over the removal-conferring claim and because the remaining Defendants, unlike the defendants in *Cuevas*, do not stridently proclaim jurisdiction. But if *Cuevas* and *Moore's* stand for the proposition that a party may assert new jurisdictional grounds after the time for removal has expired or that the mandatory nature of jurisdiction requires a district court to launch its own *factual* investigation into possible bases for jurisdiction not asserted by any party, the Court respectfully disagrees.

District courts in Connecticut often lack sufficient information in removed actions to ascertain whether diversity jurisdiction exists. Connecticut does not require a plaintiff to plead citizenship or an amount in controversy exceeding $75,000. Conn. Gen.Stat. § 52-91. The failure to predicate removal on diversity will often force a district court to conduct additional proceedings (and may, as

10

here, force a district court to initiate those proceedings) before being able to determine the proper forum. Forcing a district court to initiate such proceedings effectively shifts the burden to the court to disprove jurisdiction when the burden was clearly placed on the party seeking federal-court assistance. *Blockbuster*, 472 F.3d at 57. There's no justification for this burden shifting. In most cases, all defendants must join the notice of removal and thus have the ability to initially assert all bases for removal. *See* 28 U.S.C. § 1446(b)(2)(A). Even where, as here, the non-federal defendants need not join the notice of removal, nothing prevented them from filing an amended notice of removal or asserting an independent jurisdictional basis by way of federal court notice or motion.

Permitting defendants to assert new jurisdictional bases would also violate three Congressional restrictions on removal jurisdiction. The Second Circuit has highlighted the importance of respecting Congressional intent in this context: "[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo*, 28 F.3d at 274 (quotation marks omitted). As noted above, delay resulting from new rounds of jurisdictional intrigue would circumvent Congressional intent to resolve forum disputes sooner rather than later. *See* 28 U.S.C. § 1446(b).

Two other rules governing removal are relevant. A forum defendant is barred from removing a diversity action. 28 U.S.C. § 1441(b). "The justification

11

for this rule is simple.  Given that the purpose of diversity jurisdiction is to provide litigants with an unbiased forum by protecting out-of-state litigants from local prejudices, it makes no sense to allow an in-state defendant to take advantage of removal."  16 *Moore's Federal Practice*, § 107.14[2][e] (Matthew Bender 3d ed.).  Allowing litigants to assert diversity as the basis for original jurisdiction after the removal-conferring claim is dismissed for lack of subject-matter jurisdiction would circumvent this justifiable bar to removal.  Finally, removal ordinarily requires the consent of all defendants.  28 U.S.C. § 1446(b)(2)(A).  If "the exercise of diversity jurisdiction is not discretionary," 16 *Moore's Federal Practice*, § 107.41[2][a] (Matthew Bender 3d ed.), and jurisdiction is analyzed "at the time of remand," *see Cuevas, LP*, 648 F.3d at 248, Congress would be divested of its ability to restrict Article III jurisdiction, and the remaining litigants may be robbed of their choice of forum.

The Court is not alone in its conclusion.  The United States District Court for the District of Columbia has squarely addressed this issue.  *J.S.R. ex rel. Rojas Polanco v. Washington Hospital Center Corp.*, 667 F.Supp.2d 83 (D.D.C. 2009), appeal dismissed, 2010 WL 3260126 (D.C. Cir. 2010).  In *Polanco*, a minor and his parents brought a medical malpractice case against a hospital and various individuals in state court.  *Id.* at 83–84.  One of the individuals, however, was an employee of a grantee of the Department of Health and Human Services, so the United States removed the action to federal court and moved to dismiss for lack of subject-matter jurisdiction.  *Id.* at 84.  Plaintiffs then moved to remand

12

the action to state court, and defendants opposed, in part, by arguing that diversity jurisdiction existed over the remaining state-law claims. *Id.* The district court nonetheless remanded the action because the non-federal defendants never removed the case and reasoned that "[t]he fact that Non-federal Defendants *might* have removed the case on the basis of diversity [was] irrelevant." *Id.* at 85. Various other district courts have followed suit. *See, e.g., Jessup v. Cont'l Motors, Inc.*, 2013 WL 309895, at *4 (E.D. Pa. Jan. 24, 2013). For the reasons articulated above, this Court follows likewise.

Because this Court lacks jurisdiction over the remaining claims, the action must be remanded to state court. *See* 28 U.S.C. § 1447(c). The state court must determine the legal effect of any post-removal claims asserted by way of crossclaim or third-party complaint.[5] *See Edelman v. Page*, 2008 WL 4925815, at *3 (Conn. Super. Ct. Oct. 15, 2008) *aff'd*, 123 Conn.App. 233 (2010) (observing that other state courts have given effect to pleadings filed in federal court prior to remand but declining to rule that conduct in federal court may result in waiver once remanded). The Court therefore DENIES as moot the Government's second motion to dismiss and Hilton's motion for default judgment. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005)

---

[5] Counsel should pause before pursuing or refiling claims over which neither the state court nor this Court has jurisdiction for the reasons articulated here. *See* Connecticut Practice Book Rule 3.1 ("A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law.").

("[B]ecause the district court never had jurisdiction over the case, it had no power to rule on any substantive motions or to enter judgment in the case.").

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Government's motion to dismiss Stark's claim, DISMISSES that claim, REMANDS the entire action to state court, and DENIES as moot the Government's motion to dismiss Defendant Lipman's crossclaim and Hilton's motion for default judgment.[6]


IT IS SO ORDERED.

_____/s/_____

Vanessa L. Bryant<br>
United States District Judge

Order dated in Hartford, Connecticut on March 22, 2016.

---

[6] The Court does not enter judgment because the action was remanded for lack of subject-matter jurisdiction. "'Judgment' as used in these rules includes a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). Many claims remain unadjudicated, *see* 28 U.S.C. § 1291; a plaintiff may not appeal the *grant* of sovereign immunity under the collateral order doctrine, *Salerno v. City Univ. of New York*, 191 F.Supp.2d 352, 358 (S.D.N.Y. 2001) ("[T]here is no relevant parallel between grants of sovereign immunity."); and Defendants may not appeal an order remanding an action for lack of subject-matter jurisdiction, *see Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 165 (2d Cir. 2011) ("Because the district court's decision to remand this case rested on its determination that it was without subject-matter jurisdiction, we lack appellate jurisdiction to review it.").